IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| IBSA INSTITUT BIOCHIMIQUE, S.A., ALTERGON, S.A., and IBSA PHARMA INC., | ) ) ) ) |
|---|---|
| Plaintiffs, | ) ) C.A. No. 18-555 (RGA) |
| v. | ) ) |
| TEVA PHARMACEUTICALS USA, INC., | ) ) |
| Defendant. | ) |

## [PROPOSED] CLAIM CONSTRUCTION ORDER AND FINAL JUDGMENT

After having considered the submissions of the parties and hearing oral argument on the matter, and in accordance with the reasoning set forth in the Court's Memorandum Opinion dated August 20, 2019 (D.I. 107), **IT IS HEREBY ORDERED** that the terms in the claims of U.S. Patent No. 7,723,390 ("the '390 patent") set forth below are construed as follows:

| Term | Court's Construction |
|---|---|
| "thyroid hormones or their [sodium] salts" | "one or more thyroid hormones or their [sodium] salts" |
| "half-liquid" | Indefinite |
| "uniform soft-gel matrix" | "composition containing active drug particles uniformly dispersed in a single phase with no outer shell that can be distinguished from the bulk of the soft-gel matrix, except for external additive layers like enteric layers or layers facilitating swallowing" |
| "outer coating which simplifies ingestion" | No construction |
| "the capsule contents or the swallowable uniform soft-gel matrix includes a plasticizer to control its hardness" | Plain and ordinary meaning |

**WHEREAS** the claim term "half-liquid" appears in independent claim 1 of the '390 patent, and claims 2, 4, 7, 8, and 9 each depend from claim 1; and

**WHEREAS** under the Court's construction of "half-liquid" as indefinite, claims 1, 2, 4, 7, 8, and 9 of the '390 patent are invalid under 35 U.S.C. § 112; and

**WHEREAS** IBSA maintains that the term "half-liquid" is not indefinite, reserves the right to appeal the Court's Memorandum Opinion (D.I. 107) and Claim Construction Order, including its finding of indefiniteness, and reserves the right to assert infringement of claims 1, 2, 4, 7, 8, and 9 if the Court's finding of indefiniteness is reversed or vacated;

**IT IS FURTHER ORDERED AND ADJUDGED**, for the reasons set forth in the Court's Memorandum Opinion dated August 20, 2019 (D.I. 107), and based upon the Court's finding of indefiniteness, that Final Judgment is hereby entered in favor of Teva Pharmaceuticals USA, Inc. ("Teva") and against IBSA Institut Biochimique, S.A., Altergon, S.A., and IBSA Pharma Inc., (collectively "Plaintiffs"), that asserted claims 1, 2, 4, and 7-9 of the '390 patent are invalid under 35 U.S.C. § 112; and it is further

**ORDERED** that, except as provided herein, all other claims and counterclaims in this action are withdrawn and are dismissed without prejudice, subject to reinstatement upon reversal or vacatur on appeal, resolving all remaining issues in this action; and it is further

**ORDERED** that, in the event that any party appeals this Final Judgment, any motion for attorneys' fees and/or costs under Fed. R. Civ. P. 54(d) and/or Local Rules 54.1 and/or 54.3, including any motion that this case is exceptional under 35 U.S.C. § 285, shall be considered timely if filed and served within thirty (30) days after the issuance of the Court's Mandate after final disposition of any such appeal; and it is further

**ORDERED** that, in the event that no party appeals this Final Judgment, any motion for attorneys' fees and/or costs under Fed. R. Civ. P. 54(d) and/or Local Rules 54.1 and/or 54.3, including any motion that this case is exceptional under 35 U.S.C. § 285, shall be considered timely if filed and served within thirty (30) days after the expiration of the time for filing a notice of appeal under Federal Rules of Appellate Procedure 3 and 4.

SO ORDERED this ___9___ day of September, 2019.

_____
UNITED STATES DISTRICT JUDGE